IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES REDDING                    :

   v.                          :   Civil Action No. DKC 13-3502

LIBERTY MUTUAL FIRE INSURANCE    :
COMPANY, et al.                  :

**MEMORANDUM OPINION**

Presently pending and ready for review in this insurance case are the motions to dismiss filed by Defendant Liberty Mutual Fire Insurance Company and Defendant David H. Long. (ECF Nos. 9 and 11). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendants' motions will be granted.

**I. Background**

The following facts are set forth in the complaint. Plaintiff, proceeding *pro se*, alleges that on September 20, 2010 he was involved in a car accident on Suitland Parkway in Maryland. His vehicle was deliberately hit by a car that was earlier parked in the vicinity of his home. After his car was struck, Plaintiff exited his vehicle and approached the other car. The car was being driven by a female who was accompanied by a male. Plaintiff states that "[t]he aggressive driving and

militaristic body language suggested that the driver and passenger may have been District of Columbia plain-clothed Police Officers." (ECF No. 2, at 2). The female driver unexpectedly drove away while Plaintiff was documenting the vehicle's license number. After receiving medical care, Plaintiff reported the collision to U.S. Park Police, and was informed that the other car's license plate had been reported as stolen. As a result of this incident, Plaintiff suffered severe, painful, and permanent injuries to his body which have caused him and will continue to cause him great pain and mental anguish. As a result of this collision, "Plaintiff was forced to expend and will continue to expend in the future large sums of money for medical treatment and medicines in the treatment of his injuries as a direct result of Defendants' failure to honor Plaintiff's full coverage auto insurance policy." (*Id.* at 2-3). The collision physically weakened Plaintiff, which inhibited his ability to mitigate a home invasion in which Plaintiff was stabbed on February 6, 2012. It is unclear whether Plaintiff alleges that the home invasion was executed by the same people who deliberately hit his vehicle in September 2010.

Plaintiff filed his complaint in the Circuit Court for Prince George's County on September 19, 2013. His complaint does not list any causes of action, but demands a jury trial and an award of $1,000,000, divided equally between compensatory and

punitive damages. (ECF No. 1, at 3). On November 21, 2013, Defendants removed to this court, citing diversity jurisdiction, 28 U.S.C. § 1332.[1] On November 25, 2013, Liberty Mutual filed a motion to dismiss. (ECF No. 9). The next day, Mr. Long filed his own motion to dismiss. (ECF No. 11). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed two letters to Plaintiff on November 26, 2013, notifying him that a dispositive motion had been filed and that he was entitled to file opposition material or risk entry of judgment against him. (ECF Nos. 10 and 13). Plaintiff filed a single opposition to both motions on December 12, 2013 (ECF No. 14), to which Defendants separately replied on December 20, 2013 (ECF Nos. 15 and 16).

## II. Standard of Review

When a court's power to exercise personal jurisdiction is challenged by a motion under Rule 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a

---

[1] Plaintiff's complaint lists his address in Washington, DC. In its notice of removal, Defendant Liberty Mutual states that it is organized under the laws of Wisconsin and its principal place of business is in Massachusetts. Defendant Long represents that he is a citizen of Massachusetts. (ECF No. 1 ¶ 6).

In their notice of removal, Defendants state that Liberty Mutual has not been served, while the complaint and summons were received by Mr. Long by mail on October 22, 2013.

preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citation omitted). If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a *prima facie* showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396. In determining whether the plaintiff has met its burden, all jurisdictional allegations must be construed in the light most favorable to the plaintiff, and the most favorable inferences must be drawn for the existence of jurisdiction. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (internal quotation marks omitted).

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than

4

a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v.*

5

*Kerner,* 404 U.S. 519, 520 (1972); *Turner v. Kight,* 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005).

**III. Analysis**

Both Defendants argue that Plaintiff has failed to state a claim, while Defendant Long also argues that this court does not have personal jurisdiction over him. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

"The nature of the claim and the defendant's contacts with the forum state determine whether a court may assert specific or general personal jurisdiction." *Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 703 (D.Md. 2004). Specific personal jurisdiction applies where a controversy is "related to or 'arises out of' a defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (*quoting Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). General jurisdiction, by contrast, may be exercised where a defendant maintains "continuous and systematic" contact with the forum state. *Helicopteros*, 466 U.S. at 415 (*quoting Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438 (1952)).

Mr. Long represents that he is a citizen of Massachusetts. Where a defendant is a nonresident, a federal district court may exercise personal jurisdiction only if "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993). The Maryland long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002) (*citing Androutsos v. Fairfax Hosp.*, 323 Md. 634, 637 (1991)). This broad reach does not suggest that analysis under the long-arm statute is irrelevant; rather, it reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." *Dring v. Sullivan*, 423 F.Supp.2d 540, 545 (D.Md. 2006) (*quoting Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals*, 887 F.Supp. 116, 118-19 n.2 (D.Md. 1995)); *see also Mackey v. Compass Mktg., Inc.*, 391 Md. 117, 141 n.6 (2006) (although the "long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause," it is not "permissible to simply dispense with analysis under the long-arm statute"). To satisfy

the long-arm prong of the analysis, a plaintiff must specifically identify a statutory provision that authorizes jurisdiction, either in his complaint or in opposition to a Rule 12(b)(2) motion. *See Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F.Supp.2d 649, 652 (D.Md. 2001); *Johansson Corp. v. Bowness Constr. Co.*, 304 F.Supp.2d 701, 704 n.1 (D.Md. 2004).[2]

---

[2] The Maryland long-arm statute provides, in relevant part:

> (a) If jurisdiction over a person is based solely upon this section, he may be sued only on a cause of action arising from any act enumerated in this section.
>
> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>
>> (1) Transacts any business or performs any character of work or service in the State;
>>
>> (2) Contracts to supply goods, food, services, or manufactured products in the State;
>>
>> (3) Causes tortious injury in the State by an act or omission in the State;
>>
>> (4) Causes tortious injury in the State or outside the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

Plaintiff has failed to make the requisite showing of personal jurisdiction for Defendant Long. The complaint neither states the basis for personal jurisdiction nor mentions any actions of Mr. Long. Furthermore, an affidavit submitted by Liberty Mutual's Claims Team Manager states that Mr. Long had no involvement with the insurance claim that arose from the September 20, 2010 accident. (ECF No. 11-2). In his opposition to Mr. Long's motion, Plaintiff makes no attempt to rebut Mr. Long's representations or arguments. Even when viewing all allegations in the light most favorable to Plaintiff, he has not established that this court has personal jurisdiction over Mr. Long and his complaint will be dismissed as to Mr. Long for this reason.

Defendant Liberty Mutual moved to dismiss the complaint for failure to state a claim. Plaintiff's complaint is sparse and vague as to what his claims are and which of those claims are

---

> (5) Has an interest in, uses, or possesses real property in the State; or
>
> (6) Contracts to insure or act as surety for, or on, any person, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103.

directed against Liberty Mutual.  Liberty Mutual appears to be Plaintiff's auto insurer.  The only allegation that can be linked to Liberty Mutual is Plaintiff's claim that he has had to expend great sums of money treating his medical injuries resulting from the allegedly deliberate auto collision because Defendants failed to honor in full his auto insurance policy. Liberty Mutual moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  Plaintiff, in his opposition, is wholly unresponsive to Liberty Mutual's arguments.  Instead, Plaintiff alleges that Defendants' removal of the case from state court was "a strategic legal remedy and as an affront to Judge Leo E. Green, Jr.'s ability to look beyond the antics of the privileged and the wealthy, in order to fairly resolve Plaintiff's civil complaint in the Circuit Court."  (ECF No. 14, at 1-2).  Plaintiff spends the remainder of his opposition discussing a campaign of persecution directed against him by the Governor of Maryland, the Archbishop of Washington, and a United States Senator.  Nowhere in his opposition does Plaintiff even mention Liberty Mutual.

Liberty Mutual's motion to dismiss for failure to state a claim will be granted.  Even acknowledging his *pro se* status, Plaintiff's sparse complaint does not allege a claim. Plaintiff must make a "showing," as opposed to a "blanket assertion of entitlement to relief."  *Twombly*, 550 U.S. at 555 n.3.

Plaintiff's complaint makes only that blanket assertion and his opposition to Liberty Mutual's motion makes no effort to resuscitate this deficiency.

Plaintiff, in his opposition, did request that this case be remanded to the state court. While he did not provide any legal argument in support of this position, Defendants, out of an abundance of caution, engaged the argument. Their position is convincing. There is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The notice of removal was filed within thirty days of receipt by Defendants of a copy of the complaint. 28 U.S.C. § 1446(b). Remand is not warranted.

**IV. Conclusion**

For the foregoing reasons, Defendants' motions to dismiss will be granted. A separate order will follow.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge